IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SAMMONS TRANSPORTATION, INC., dba SAMMONS TRUCKING,<br><br>    Plaintiff,<br><br>vs.<br><br>DEAN WARMINGTON,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE<br><br><br><br>Case No. 2:07-CV-895 TS |

This matter is before the Court on a number of related motions: (1) Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil Procedure;[1] (2) Defendant's Motion for Dismissal on Judgment on the Pleadings;[2] and (3) Plaintiff's Cross-Motion for Summary Judgment.[3]

Plaintiff seeks an order enjoining the Utah Labor Commission from taking action on Defendant's workers' compensation claim. Plaintiff also seeks an order from the Court that the Utah Labor Commission lacks jurisdiction over it. Additionally, both parties ask the Court to

---

[1] Docket Nos. 8 and 10.

[2] Docket No. 14.

[3] Docket No. 22.

1

rule on whether or not Defendant is entitled to benefits under Utah's Workers' Compensation Act. While the parties spend a substantial amount of time on these issues, this case is easily resolvable under the *Younger*[4] abstention doctrine.

"The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[5] The Court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicates separately articulated state policies."[6] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[7]

The three *Younger* conditions are met here. First, there is an ongoing administrative proceeding before the Utah Labor Commission. According to documents provided by Defendant, there is currently a hearing scheduled before an Administrative Law Judge with the Utah Labor Commission on February 18, 2008.[8] Second, the state proceedings provide an adequate forum to hear the claims raised in Plaintiff's Amended Complaint. Plaintiff will be able to argue that the Utah Labor Commission lacks jurisdiction over it and that Defendant is not

---

[4]*Younger v. Harris*, 401 U.S. 37 (1971).

[5]*Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006).

[6]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[7]*Id*.

[8]*See* Docket No. 25.

entitled to benefits under Utah's Workers' Compensation Act.  Additionally, Plaintiff can appeal an adverse ruling from an administrative law judge to the Appeals Board or the commissioner[9] and from the Appeals Board or the commissioner to the Utah Court of Appeals.[10]  Finally, the state proceedings involve important state interests.  The Workers' Compensation Act is a state statute.  The state has a strong interest in administering its workers' compensation laws to ensure compliance with those laws.[11]  Thus, all three *Younger* conditions are met here.  The appropriate course of action is dismissal of this action without prejudice.[12]

It is therefore

ORDERED that the above-entitled case is DISMISSED WITHOUT PREJUDICE.  It is further

ORDERED that all pending motions (Docket Nos. 8, 10, 14, and 22) are DENIED as moot.  It is further

ORDERED that the hearing set for February 8, 2008, is STRICKEN.  The Clerk of the Court is directed to close this case forthwith.

DATED   February 4, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] Utah Code Ann. § 34A-2-801(3).

[10] *Id*. § 34A-2-801(8).

[11] *See, e.g., Hartford Enters., Inc. v. Coty*, --- F.Supp. 2d. ---, 2008 WL 54291, *2 (D. Me. Jan. 3, 2008) (stating that "workers' compensation laws are an important state interest").

[12] *See Chapman*, 472 F.3d at 749.